IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID CORDOVA, | : |
| Plaintiff, | : |
| VS. | : |
| | : CIVIL No: 5:16-CV-0544-MTT-CHW |
| HOMER BRYSON, et al, | : |
| Defendants. | : |

**ORDER OF DISMISSAL**

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff David Cordova, an inmate confined at Hancock State Prison, in Sparta, Georgia, filed the above-captioned case seeking money damages under 42 U.S.C. § 1983. Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee (Doc. 2) and a motion for the appointment of counsel (Doc. 3). He has also since amended his complaint to add claims against new parties (Doc 7). After due consideration, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. The Court finds, however, that Plaintiff's complaint fails to state a non-frivolous claim for relief. The complaint is thus **DISMISSED** pursuant to § 1915A(b). Plaintiff's motion for counsel is **DENIED**.

I. **Motion to Proceed *In Forma Pauperis***

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing (*in forma pauperis*), if the plaintiff shows that he

is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submission show that he is currently unable to pre-pay the entire filing fee. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**. Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the plaintiff's complaint is dismissed prior to service.

For this reason, it is requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma paupers* in the above-captioned case, it is hereby **ORDERED** the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected

and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B. Plaintiff's Obligations Upon Release

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he remains obligated to continue making monthly payments to the **CLERK** toward the balance due until said amount has been paid in full. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so.

### II. Motion for Appointment of Counsel

Plaintiff has also requested counsel. The district court may, under 28 U.S.C. § 1915, appoint counsel in a civil case when the plaintiff is unable to afford an attorney. Civil litigants (including prisoners pursuing a § 1983 action), however, do not have a right to counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). The appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues

are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

In this case, Plaintiff has filed a § 1983 complaint on the standard complaint form designed for *pro se* litigants. The PLRA requires that the Court now review Plaintiff's complaint form to determine whether he can possibly state a viable claim against the named defendants. This process is routine in *pro se* prisoner actions and not an "exceptional circumstance" justifying the appointment of counsel. The facts and legal issues in the complaint are fairly straightforward; and the court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. Plaintiff's motion for counsel is therefore **DENIED**.

### III.   Authority & Standard for Preliminary Screening

The Court is now obligated to conduct a preliminary review of Plaintiff's Complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The district court, however, cannot allow a *pro se* plaintiff to litigate frivolous claims. The court is instead obligated to dismiss a *pro se* complaint, or any part thereof, prior to service, if it is apparent on the face of the complaint that the plaintiff's claims are without arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV.     Plaintiff's Complaint

In this case, Plaintiff complains that his confinement in this country is unlawful.[1] Plaintiff states that, on August 26, 2016, prison officials transported him to Jackson State Prison so that he could meet with Immigration and Customs Enforcement ("I.C.E."). At that meeting, Plaintiff signed a consent to removal and deportation. Plaintiff believes that his agreement with I.C.E. renders his prior agreement with the State to accept a guilty plea, his conviction, and his sentence "NULL and VOID." The Georgia Department of Corrections and officials at Hancock State Prison have, nonetheless, "been holding [Plaintiff] falsely under commercial confinement without compensation" for the purpose of enriching themselves. *See* Compl. 1-3. Plaintiff thus seeks to recover "compensation" in the amount of $20,000 for each week he is held in state custody after August 25, 2016.

Based on these allegations, Plaintiff's Complaint is liberally construed as bringing claims against Defendants for false imprisonment. A prisoner, however, cannot challenge the correctness of his confinement under § 1983. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for false imprisonment may be brought under § 1983 only after his conviction or sentence has been declared unlawful by a court or executive order, invalidated by a state tribunal, or called into question by a writ of habeas corpus. *Id.*

---

[1] Although Plaintiff does not provide any details about the nature of his conviction and the duration of his sentence, the Georgia Department of Corrections website shows that he was sentenced to "life without parole" after being convicted for murder in Long County, Georgia. *See* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryFormjsp (last visited March 2, 2017).

In this case, Plaintiff's factual allegations in no way suggest that his sentence has been declared unlawful by a state court, executive order, state tribunal, or writ of habeas corpus.  Nor is there any legal basis for Plaintiff's conclusion that his willingness to waive removal proceedings and consent to deportation renders his continued confinement, under a valid state sentence, unlawful.  *See generally* 8 U.S.C. § 1231(a)(4)(B).  *See e.g., Abreu v. Barnes*, No. CIV. A. 08-3013 WJM, 2009 WL 260796, at *12 (D.N.J. Feb. 4, 2009) ("deferral of [a prisoner's deportation] until the completion of his term of incarceration does not violate the Constitution or laws of the United States").

The Court therefore finds that Plaintiff's claims have no arguable merit, and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED** this 7th day of March, 2017

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT